# CHARLESTON

## PARR v. HOWELL.

Submitted March 3, 1914. Decided May 19, 1914.

1. CONTRACTS—*Default in Performance—Cost of Completion—Certificate of Architect.*

    The certificate of an architect, showing the cost of completion of a building by the owner, on default of the contractor, under a provision in the contract for such completion, making the contractor liable for the excess of the cost thereof over the balance due him, to be valid and conclusive, agreeably to the terms of the contract, must be founded upon a thorough and careful audit of such expense. (p. 416).

2. SAME—*Building Contract—Default—Certificate of Architect.*

    A certificate of expense under such a provision has not the dignity and conclusiveness in law of an award of arbitrators and may be impeached or set aside in a legal forum. (p.418).

3. SAME—*Breach of Building Contract—Completion by Owner—Evidence.*

It is error in the trial of an action for recovery of such expense to exclude evidence tending, in connection with other evidence of failure to make a proper audit thereof, to show inclusion, in the amount certified, of the cost of extras or alterations not contemplated by the contract.  (p. 419).

4. SET-OFF AND COUNTERCLAIM—*Breach of Building Contract.*

The difference between the amount paid the contractor by the owner, under a building contract before breach thereof and the amount expended in the work by the latter, is not a proper item of set-off against the expense of completion by the owner, when the contract binds the contractor to pay the cost of construction in excess of a stipulated sum.  (p. 419).

5. SAME—*Building Contracts—Breach by Owner.*

Efforts of the owner to obtain unauthorized alterations of the work by the contractor's foreman do not constitute a breach of the contract by the owner.  (p. 419).

6. JUDGMENT—*Res Judicata.*

A judgment in favor of the contractor in an action by the owner to recover money advanced and not expended on the work by the contractor does not estop the owner from suing to recover the expense of completing the work, after abandonment by the contractor, the causes of action being wholly different.  (p. 419).

7. APPEAL AND ERROR—*Review—Rulings on Evidence.*

Rulings of the trial court, rejecting offered evidence, not mentioned in any way as grounds of the motion for a new trial, nor made subjects of formal bills of exception, will not be considered in the appellate court as grounds for a new trial; but, if the verdict is set aside upon other grounds, such rulings will be reviewed for the purposes of the new trial.  (p. 419).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Harrison County.

Action by Charles S. Parr against Calvin P. Howell. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*John W. Davis* and *Davis Swartz & Templeman,* for plaintiff in error.

*John Bassel* and *Millard F. Snider,* for defendant in error.

POFFENBARGER, JUDGE:

This writ of error requires review of a judgment in favor of an owner against a contractor for the cost of completion of a house, incurred under the provisions of the standard builders contract, recommended, it is said, by the American Institute of Architects and the National Association of Builders. Howell bound himself to furnish the materials and labor for the building and complete it at a cost not exceeding the sum of $18,800.00, including his commission of 6 per cent., guaranteed it not to cost more than $18,800.00, and agreed to pay Parr any excess of cost, in case it should go beyond said sum.

A further provision of the contract authorized the owner, in case of neglect or refusal of the contractor, at any time, to supply sufficient skilled labor or proper materials, or failure to prosecute the work promptly and diligently or to perform any duty imposed upon him by the contract, to terminate his employment and enter upon the premises and take possession, for the purpose of completing the work, of all materials, tools and appliances thereon, after three days notice to the contractor to provide such labor or materials and his neglect, failure or refusal·to do so. A condition precedent to such notice and termination was a certificate by the architect, declaring such refusal or neglect. Failure to proceed after such certificate and notice authorized the owner to complete the building and charge the expense against the balance due the contractor, if any, and subjected the contractor to liability for any excess of such expense over the unpaid balance due him by the terms of the contract. In either case, the expense of completion and the damages to the owner were to be audited by the architect and his certificate thereof was to be conclusive upon the parties.

After having performed half of the work, or more, and received $15,000.00 from the owner on account thereof, the contractor ceased to furnish labor and materials, and the owner invoked the benefit of the clause of the contract just mentioned. The architect certified the fact, the notice was served, and the owner took charge of the work. He claims to have expended, in the completion thereof, $2,328.54 for

labor and $4,566.73 for materials, total, $6,895.27, making the entire cost $21,895.27, which exceeds the contract limit by the sum of $3,095.27, and the architect certified the items of expense and total cost in accordance with his claim. The judgment complained of is for the alleged excess of cost and interest thereon from the date of the certificate.

The following grounds of defense were interposed: (1) a set-off of $1,137.10, the amount alleged to have been expended on work in excess of the $15,000.00 received; (2) breach of the contract by the owner, justifying non-performance by the contractor; (3) a verbal release of the limitation of cost and of liability for excess thereof; and (4) invalidity of the architect's certificate on account of his failure to audit the expense of completion.

A rule of practice forbids reversal for any error the court may have committed in its rulings, in so far as they pertain to the first three grounds of defense. They excluded the evidence offered to establish said defenses and were not, in any way, made grounds of the motion for a new trial, nor were they or any of them, made subjects of formal bills of exception. Exceptions were noted in the general bill of exception, embodying the evidence, but that alone is insufficient. *State* v. *Heneghan*, and *Ireland* v. *Smith*, decided at the present term and not yet reported; *State* v. *Bingham*, 42 W. Va., 234; *Halstead* v. *Horton*, 38 W. Va., 727; *Gregory* v. *B. & O. R. Co.*. 37 W. Va., 606. If a new trial is allowed upon some other ground, however, the propriety of these rulings will be tested and passed upon, as a precaution against error in such trial. Hence, consideration thereof will be postponed until the other assignments of error shall have been disposed of.

The certificate purporting to give the result of the audit contemplated by the contract, having been introduced, after verification by the testimony of the architect, cross-examination of the architect elicited the facts constituting the basis of the fourth defense. The certificate was founded upon the bills for labor and materials, paid by the owner, and the personal knowledge of the architect that some of the materials represented by the bills had been used in the building. While he had had something to do with the selection of some of the

materials, he had made no investigation of the subject matter of the certificate. On the completion of the building, he had examined it only far enough to enable him to certify its completion. He made no inquiry as to whether the cost included extras or better materials and workmanship than the specifications required.

A long instruction given at the instance of the plaintiff, submitting hypothetically the making of the contract, the breach  thereof, the architect's certificate of default,  the notice to proceed, the certificate of failure to do so, the completion of the work and the certificate as to cost, directed the jury to find for the plaintiff the amount shown by the certificate as excess cost, if they should find the architect had certified said sum "after the auditing of the bills for such completion." Two instructions requested by the defendant were refused. Both were predicated upon the evidence of lack of an audit of the expense, the first denying right of recovery, and the second requiring the plaintiff to prove his claim otherwise than by the certificate, if no audit was in fact made.

Obviously the audit is the ground work, the very essence, of the certificate. It is the substitute for trial by a jury or court or a hearing by a commissioner or referee, while the certificate takes the place of the verdict, judgment or report. A certificate without the audit is analogous to a verdict, judgment or report, without a hearing or investigation, and, therefore, worthless as evidence. Under this contract, the architect was required to perform the function of an arbiter and presumably was selected for performance thereof on account of his peculiar fitness or qualification, by knowledge and skill, to work out a just and equitable result. An arbitration involves a hearing and consideration of the evidence. Arbitrators must hear and consider the evidence and their refusal to do so vitiates their award. *Fluharty* v. *Beatty,* 22 W. Va., 698; *Ligon* v. *Ford,* 5 Gratt. 10. In reason their mere neglect to do so must have the same effect, and the admissions of the architect here constitute very considerable evidence of such neglect. They disclose matter which, if shown on the face of the certificate, would invalidate it. An architect cannot base his certificate, under such a clause

of a contract, only on the checks and vouchers produced by the owner. He must make a personal inspection of the work. *Aetna Indemnity Co.* v. *Geo. A. Fuller Co.*, 73 Atl. 738. The amount paid out by the owner is not necessarily the amount properly chargable to the contractor. *Hottel* v. *Reservoir Co.*, 92 Pac. 918. A certificate predicatetd only on the bills paid by the owner might include expenses of completion in a manner wholly different and more costly than that contemplated by the contractor. Obviously the owner is entitled to no more than the necessary expense of discharging or performing the contractor's obligation to him, and the architect must carry his investigation far enough to enable him to know the amount thereof and exclude everything beyond it.

There is no evidence of fraudulent intent on the part of the architect, but that is not essential to the objection to the conclusiveness of the certificate. Any fatal defect in the procedure, whatever the motive may be, invalidates it, just as in the case of an award. Hearing and determination of the matter in controversy, in the absence of a party and without notice of the time and place of the hearing, is a fatal defect in an award, unless the absent party has waived notice or otherwise dispensed with necessity therefor. *Dickinson* v. *Railroad Co.*, 7 W. Va., 390. It is likewise fatal to refuse to consider proper evidence. Such omissions, whether actually fraudulent or not, are characterized as misconduct, and vitiate the award. Though in the nature of an award, the certificate here involved is not strictly one nor does it possess the high character and dignity of an award. *B. & O. R. Co.* v. *Polly, Woods & Co.*, 14 Gratt. 447. An award can be set aside only in equity, if made otherwise than under an order of the court in a pending action, but an architect's or engineer's certificate does not possess in the law such a degree of solemnity. If fatally defective, because of fraud or misconduct, the jury may disregard it and found their verdict on other evidence.

In view of these principles and the evidence of failure of duty on the part of the architect, the error of the court in giving plaintiff's instruction No. 1 and refusing the two instructions requested by the defendant is obvious. The one

given is too narrow. The architect must do more than merely audit the bills. To have the jury advised that failure to audit the expense invalidated the certificate was a clear right in the defendant.

There was further error in the undue limitation of the cross-examination of the architect as to the extent of his investigation. If the defendant could prove by his testimony, or otherwise, the inclusion of the cost of extras in the certificate or the bills presented, he should have been permitted to do so.

The item relied upon as a set-off was properly excluded. It would have been a *felo de se,* since, if added to one side of the account, it would have to be added to the other side also, leaving the ultimate result unchanged. To make it a set-off, it would be necessary to add the amount thereof to the cost of the work as reported by the architect.

No evidence appreciably tending to prove a breach of contract on the part of the plaintiff was offered. If he visited the work, in the absence of the defendant, and procured his foreman to make unauthorized alterations, such conduct was unfair and annoying; but it did not constitute a breach of any positive stipulation of the agreement, because the alterations were the acts of the defendant himself by his own agent. He was master of the situation. All the work done was executed by him. The owner had no control over him or his servants at the time of the alleged interference. Hence, what was offered as such evidence was properly excluded.

The alleged verbal release was contemporaneous with a written modification of the contract as to times of payment, and, if made, was part and parcel thereof. To admit the evidence thereof would authorize the jury to engraft it upon the written agreement in violation of an universally recognized rule. Of course, a written agreement can be modified by a subsequent verbal one, but the offer here is to prove a subsequent verbal agreement as a part of a subsequent written one. Moreover, the written agreement itself expressly declares the original contract is not to be altered in any "way, shape, form or character" otherwise than as therein specified.

The record offered to prove a former adjudication or estoppel was that of an action of assumpsit by Parr against Howell

to recover part of the $15,000.00 which had been paid him, upon the hypothesis of his failure to expend all of it in the prosecution of the work. As the two causes of action and the issues therein were wholly different, the court properly excluded it. The former was money had and received to the use of the plaintiff; the latter a right of recovery upon a special contract. That each bore some relation to the same transaction is wholly immaterial.

For the errors in the rulings upon the instructions, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*