# CHARLESTON.

O. EMERSON CAMPE *v.* BOARD OF EDUCATION OF LOUDEN
DISTRICT *et al.*

Submitted January 29, 1924.     Decided February 26, 1924.

1.  SCHOOLS AND SCHOOL DISTRICTS—*Teacher Could Not Compel
    Payment of Unauthorized Salary.*

    A teacher who has contracted with the board of education
    for a salary in excess of an amount authorized by law cannot
    compel the board to pay him the stipulated salary.  (p. 538).

2.  FORMER ADJUDICATION—*One Relying on Defense of Res· Judi-
    cata Must Plead and Prove It.*

    One relying upon a defense of *res adjudicata* must properly
    plead and prove it.  (p. 538).

Error to Circuit Court, Kanawha County.

Action by O. Emerson Campe against the Board of Educa-
tion of Loudon District and others.  Judgment for ᗩlaintiff,
and defendants bring error.

*Reversed and writ refused.*

*John T. Simms,* for plaintiffs in error.
*J. S. Lilly* and *J. M. Life,* for defendant in error.

LITZ, JUDGE:

On petition of O. Emerson Campe, the circuit court of
Kanawha county awarded a peremptory writ of mandamus
against the respondent, Board of Education of Loudon Dis-
trictfi in Kanawha county, its members L. H. Rogers, L. G.
Mills and H. C. Zoggs, and secretary, L. H. Oakes, requiring
that they pay to the petitioner wages due and to become due
him for services as a public school teacher of said district
at the rate of $237.50 per month during a term of eight
months.  To that judgment respondents obtained this writ
of error.

The alternative writ herein sets forth that on June 30th,
1923, the said board of education as then constituted entered

into a contract with petitioner whereby he was employed as principal of the public school at Kanawha City in said district during the school year beginning July 1st, 1923, at a salary of $237.50 per month; that thereafter the present members of the board refused to recognize the contract, "which action on their part necessitated said O. Emerson Campe to secure a writ of mandamus against said board of education in the Supreme Court, and that, notwithstanding said proceeding before said Supreme Court said board of education has failed to pay said O. Emerson Campe the said sum of $237.50 for one month's services, which he has rendered under said contract with said board, but on the contrary has sent him a check for only $175.00 as payment for said services, and that said O. Emerson Campe refuses to accept said amount as payment in full for said services, as it is in no way a compliance with the terms of said contract"; that the board of education has sufficient funds under the levy of the present school year to pay petitioner the full contract price for services rendered and to be rendered under the contract.

The respondents in their return to the alternative writ resist payment to petitioner of a greater monthly salary than $175.00 on the ground that the board has no greater amount legally at its disposal for this purpose. In support of the return the respondents show by affidavits that in order to conduct a minimum term of eight months school required by Section 55, Chapter 45, Code, on the scale of wages fixed by the old board with petitioner, would require the expenditure of at least $8,128.00 more than the board has legally at its disposal for the purpose; and further that all of the available funds will be consumed in the employment of a district supervisor and the payment of teachers on the basis of $175.00 per month to petitioner.

Under Section 55, Chapter 45, Code, the board of education is required to provide for a minimum school term of eight months and to fix the salaries of teachers on a uniform basis according to a schedule of qualifications. Respondents show that in applying the maximum levy for the conduct of an eight months term of schools, the principals were given an advantage over the primary teachers in the distribution of

the surplus above the amount required to pay minimum salaries by allowing the former $45.00 per month, and the latter $4.00 per month, increase.

The petitioner, without successfully meeting the defense that the board cannot legally pay to him a greater salary than $175.00 per month, relies on the former proceeding in mandamus mentioned in the alternative writ, as now estopping the board from setting up this defense. It will be observed that the alternative writ does not definitely plead the former proceeding, nor what it decided; but alleges as a part of petitioner's case that there are legally at the board's disposal sufficient funds to pay the salary stipulated in the contract. It is a rule of this court that *res adjudicata* must be properly pleaded as well as proven in order to affect pending litigation. The party relying thereon must frame his pleadings so as to bring it within the issues. *Crumlish's Admr.* v. *Shenandoah Val. R. Co.*, 45 W. Va. 567; *Beall* v. *Walker*, 26 W. Va. 741; *Lawson* v. *Conaway*, 37 W. Va. 159. Not only does the alternative writ fail properly to plead estoppel against the board by an adjudication in a former suit, but the record in that case is neither introduced nor referred to in the pleadings as evidence in this case.

Section 12, Chapter 28-A, Code, forbids the board of education from entering into *any* contract, "express or implied, the performance of which, in whole or *in part,* would involve the expenditure of money in excess of funds legally" at its disposal; and further declares that such contract shall be void and of no effect. This statute also authorizes suit by the board to recover back money paid by it on such illegal contract.

We are therefore of opinion that the petitioner has not shown himself entitled to the relief sought.

The judgment of the lower court is therefore reversed and this Court, proceeding to enter such judgment as should have been entered below, refuses the peremptory writ, with costs to respondents.

*Reversed and writ refused.*