# CHARLESTON.

MOUNTAIN STATE MOTOR CAR CO. *v.* SOLOF.

Submitted March 11, 1924.     Decided September 23, 1924.

1. EXECUTION—*Fieri Facias Held Lien on Contractual Debt Due Debtor and Reduced to Verdict, From Delivery to Officer for Execution.*

   Under section 2, c. 141, Code, a fieri facias, from the time it is delivered to the sheriff or other officer to be executed, is a lien upon a contractual indebtedness due the execution debtor, for which a verdict has been returned in his favor. (p. 198).

   (Executions, 23 C. J. § 338).

2.  GARNISHMENT—*Debtor of Execution Debtor, Paying his Debt After Notice of Execution Lien, Held Liable to Execution Creditor as Garnishee.*

If the person against whom such claim of indebtedness exists, pending a motion to set aside the verdict thereon, and after notice of the execution lien pays to the execution debtor an agreed amount in settlement of said claim, the execution creditor may thereafter proceed against the former as garnishee, under chapter 141, Code. (p. 200).

(Garnishment, 28 C. J. § 358).

3.  JUDGMENT—*Res Adjudicata Must be Properly Pleaded as Well as Proven.*

Res adjudicata must be properly pleaded as well as proven. (p. 200).

Judgments, 34 C. J. § 1491).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Kanawha County.

Action by the Mountain State Motor Car Company against J. W. Solof, as debtor or Malcolm H. White. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Beverly Broun* and *Murray Briggs*, for defendant in error.
*A. A. Lilly* and *Henry S. Cato*, for plaintiff in error.

LITZ, JUDGE:

The defendant, J. W. Solof, feels aggrieved by a judgment of the circuit court of Kanawha county against him, as garnishee, in favor of the plaintiff for $436.66, with interest from September 14, 1921, in an action upon suggestion under Chapter 141, Code.

On September 14, 1921, the plaintiff recovered judgment in said court against Malcolm H. White for the sum of $436.66, on which execution was issued directed to the sheriff of Kanawha county and returned by him, "No property found". A second execution, issued March 3, 1922, returnable the first Monday in May following, was accompanied by a suggestion of that date under Section 10, Chapter 141, Code, returnable to the first day of the next term of court, May 8, 1922, designating the defendant as one indebted to

the execution debtor, the basis of this indebtedness being a claim asserted by White against Solof for services performed under contract between them and for which a verdict of $1400.00 in favor of White had been obtained in an action pending in said court, wherein White was plaintiff and Solof was defendant.

The defendant, having been served with this suggestion March 4, 1922, appeared in answer thereto on May 8, 1922, and denied that he was indebted to the execution creditor, Malcolm H. White, or had in his custody any property belonging to him. A motion to set aside the verdict in favor of White then being pending, the suggestion was dismissed at the cost of plaintiff.

Thereafter on the same day a second suggestion was issued and served on defendant, returnable to the first day of July, 1922, but was never tried.

On June 26, 1922, the defendant paid to White $900.00 in compromise and settlement of the claim upon which the verdict of $1400.00, then pending, had been returned.

A third suggestion was issued and served on the defendant July 12, 1922, returnable to the first day of the next term of court, but was never heard. Again, November 8, 1922, another suggestion was issued and served on the defendant, returnable to the first day of the next term of court; and on January 8, 1923, the return day thereof, defendant appeared and upon a stipulation by counsel, setting forth the facts herein detailed, the court entered the judgment complained of.

Defendant assigns the following grounds of error:

(1) That the claim of indebtedness asserted by White against Solof, even after verdict finding an amount, was not personal estate within the meaning of Section 2, Chapter 141, Code, providing that, "Every writ of fieri facias shall, in addition to the effect it has under Chapter 140 of this Code, be a lien from the time it is delivered to the sheriff or other officer to be served upon *all the personal estate* of which the judgment debtor is possessed, *or to which he is entitled,* and upon all which he may acquire on or before the return day thereof, although *not levied on nor capable of*

*being levied on under that Chapter;* * * * and as to all
property upon which a lien is hereby given the said lien shall
continue after the return day of the execution.''

If this contention be true, then of course the execution
on the plaintiff's judgment against White, of which defend-
ant had notice, in no way affected his right to compromise
and pay to White the claim or indebtedness evidenced by the
verdict. It seems to be the theory of defendant that the
intangible personal property or estate to which the lien of a
fieri facias attaches under the statute must be an undis-
puted obligation for money in the nature of a trust fund for
the benefit of the execution debtor. *Park* v. *McCauley*,
67 W. Va. 104, where the lien was asserted against a legacy
belonging to the execution debtor in the hands of an adminis-
trator, is cited as an illustrative case. For this construction
the defendant relies upon Section 17, Chapter 13 of the Code,
providing that in the construction of statutes, unless a dif-
ferent intent on the part of Legislature be apparent from
the context, ''the words 'personal estate' or 'personal prop-
erty' include goods, chattels real and personal, *money credits,*
investments and the evidences thereof.'' It is argued that
an ordinary contractual indebtedness is not ''personal es-
tate'' or ''personal property'' of the creditor within the
above classification, which under the rule, *expressio unius
est exclusio alterius,* is exclusive. Answering this proposi-
tion, in the first place we do not think that the words ''money
credits'' were intended as a phrase descriptive of only one
species of personal property, but should be treated as being
separated by a comma, denoting two classes of personal prop-
erty, to-wit: (1) money and (2) credits. Otherwise, ac-
cording to defendant's interpretation, money, being excluded
from the classification in the statute, is not ''personal estate''
or ''personal property.'' The case of *Fry* v. *Feamster,* 36
W. Va. 454, 463, holding money to be personal property,
inserts the comma in quoting and relying on the statute.
Credit is the correlative of debt or indebtedness, and that
which is due to any person as distinguished from that
which he owes. 8 A. & E. Enc. L. p. 231; 11 Cyc. 1191.

''As ordinarily used in trade and business, the word

(credit) suggests nothing more than a chose in action,—a thing incorporeal, consisting in the right of one person to demand and recover from another a sum of money or other thing in possession. It comprises every claim or demand for money, labor, interest, or other valuable thing, due or to become due.'' 15 C. J. p. 1348.

Section 9, Chapter 78, Code, provides for the distribution of the ''personal estate'' of an intestate to the next of kin. Can it be doubted that money, or a debt of the character of the one in question, belonging to the estate would pass under this statute?

Judge GREEN, discussing the nature of property affected by the fi. fa. lien, in *Swann* v. *Summers,* 19 W. Va. 115, 123, says: ''The second section declares that it (fieri facias) shall be a lien on all the personal estate of, or to which the judgment debtor is possessed or entitled although not levied on or capable of being levied on under Chapter 140 of the Code, with certain exceptions and qualifications specified in the latter part of said section. With these exceptions it is a lien on all the personal estate of the debtor, whether it be in his possession or not. It therefore includes choses in action, whether they are capable of being enforced in a common law court or only in a court of equity. *This is rendered still more apparent by the 15th Section of Chapter 218 of Acts 1872-3, p. 639, which provides for the enforcement of this lien by suit at law or in equity.''*

We conclude, therefore, that the execution of March 3, 1922, created a lien on the debt or claim asserted by White against Solof; and that its payment by the latter to the former after notice of such lien is no defense to this action.

(2)   That the plaintiff is estopped by the order of May 8, 1922, dismissing the first suggestion.

It is sufficient answer that this defense was not specially pleaded.   *Res adjudicata* must be properly pleaded as well as proven in order to affect pending litigation.   *Campe* v. *Board of Education,* 95 W. Va. 536, 121 S. E. 735, citing other West Virginia cases.

(3)   That this is an improper proceeding, plaintiff's rem-

edy being by action at law or suit in equity under Section 15 of Chapter 141, Code.

It is true that section provides for suit either at law or in equity, as the case may require, in the name of the officer to whom the writ was delivered, or in the name of any other officer who may be designated for the purpose by order of the court, either by the officer himself or by any person interested. We see no necessity, however, for any such suit in this matter, where the facts are undisputed, the issue being purely a question of law, so that the relief sought is properly cognizable in a proceeding like this, authorized under Sections 10, 11, 13 and 14 of said Chapter.

The judgment of the circuit court will therefore be affirmed.

*Affirmed.*