# Richmond.

## SAMUEL SPANDORFER V. DUDLEY COOPER.

### February 26, 1925.

1. UNLAWFUL ENTRY AND DETAINER—*Description of Premises in Summons—Case at Bar.*—In the instant case, an action of unlawful detainer by a lessee against a sublessee, it was urged that the lower court erred in refusing to quash the written summons on the ground that the premises in question were insufficiently described. The premises were described as a certain space in the storeroom No. 704 Church street, in the city of Norfolk, located on the southern side of the said storeroom, and including the southern front window space used by defendant for the display of jewelry and merchandise, and the floor space situated on said southern side of the storeroom wherein was placed a safe, jewelry showcase, and certain other articles belonging to the defendant.

   *Held:* That the description was amply sufficient, and there was no error in refusing to quash the summons.

2. RES ADJUDICATA—*Refusal of Court to Hear, as a Separate Issue, Matters Set Forth in Plea of Res Adjudicata—Case at Bar.*—The instant case was an action of unlawful detainer by a lessee against a sublessee. Plaintiff first brought his warrant of unlawful detainer before a civil justice, which was dismissed by the justice for lack of jurisdiction, without any adjudication of the merits. Plaintiff then instituted his action of unlawful detainer in the circuit court and defendant assigned as error the refusal of the circuit court to hear, as a separate issue, the matters set forth in an alleged plea of *res adjudicata* filed by him, and in submitting these matters, along with all of the other facts of the case, to the jury. Defendant was permitted to go at great length into all matters pertaining to his plea of *res adjudicata.*

   *Held:* That the defendant suffered no injury by the action of the court in the premises.

3. LANDLORD AND TENANT—*Lessee and Sublessee—Recovery from Sublessee in Unlawful Detainer—Case at Bar.*—Where a lessee sublet the premises for the duration of his original lease for two years and the sublessee remained in possession until the expiration of the original lease without further agreement extending the sublease, and the lessee demanded of the sublessee possession of the premises from the expira-

tion of the original lease, which possession was refused, and the sub-lessee was in possession against the consent of the lessee and had not unlawfully held or detained the possession of the premises in question for three years before the date of a summons in unlawful detainer, then the lessee is entitled to recover possession.

4. Landlord and Tenant—*Month by Month or a Longer Period—Questions of Law and Fact.*—Whether a tenancy is a monthly tenancy or a tenancy for a longer period, where the facts are agreed, is a question for the court, but when the facts are disputed it is for the jury to say which is the correct version, and when the jury have ascertained the true facts, then it becomes a question of law. Therefore, where the versions of the lessor and lessee are in conflict as to the tenancy, the court was correct in telling the jury that the question as to the tenancy involved one of law and fact.

5. Landlord and Tenant—*Estoppel—Inconsistent Positions in Different Courts.*—A lessee brought a warrant of unlawful detainer against his tenant before a civil justice, which warrant was dismissed on the ground of want of jurisdiction because the lease was for more than a year. The lessor then instituted a proceeding of unlawful detainer in the circuit court and it was urged by defendant that his assertion of a monthly tenancy before the civil justice estopped him from claiming at the trial before the circuit court that the tenancy was of a different kind for a different period.

*Held:* That there was no merit in this contention.

6. Estoppel—*Jurisdiction—Inconsistent Positions.*—One who has brought his cause into the wrong forum, and whose attorney had contended in such forum that as a matter of law he was in the right forum, should not be precluded from instituting a new proceeding in the proper forum.

7. Landlord and Tenant—*Estoppel—Inconsistent Positions in Different Courts—Case at Bar.*—An instruction which does nothing more than tell the jury that even if plaintiff's attorney contended in a civil justice's court that the tenancy in question was one by the month, without conceding that he did, did not stop plaintiff from contending in the circuit court that it was a different kind and for a different term, is not erroneous. The fact that the attorney or the plaintiff drew a conclusion of law from the facts which proved to be, and was decided by the justice to be, erroneous, certainly did not estop either of them from contending for a proper legal conclusion at a later date.

8. Landlord and Tenant—*Duration of Tenancy—Notice to Quit—Instructions.*—In the instant case defendant subleased from plaintiff a portion of the premises in question. Plaintiff contended that he sublet the portion of the premises in question to defendant for two years, until June 1, 1923, the date of the expiration of plaintiff's lease. Defendant moved in on June 10, 1921, and defendant's payment of rent

on July 1st seemed to indicate that the beginning of the lease was June 1st and not June 10th. On February 26, 1923, plaintiff gave defendant written notice to surrender possession on May 31, 1923. The court instructed the jury: "Even if the jury believe from the evidence that the sublease was for a year from June, 1921 and thence from year to year, then the notice of February 26, 1923, was sufficient to terminate it as of May 31, 1923, and they must find for the plaintiff."

*Held:* That this instruction was proper, and certainly altogether harmless to defendant.

9. APPEAL AND ERROR—*New Trial—Conflicting Evidence—Case at Bar.*— The main controversy in the instant case was as to the nature and duration of a lease from plaintiff to defendant. There was a conflict in the evidence as to these questions which was fairly submitted to the jury upon proper instructions. The jury heard all evidence, found a verdict for the plaintiff, which was approved by the trial court which rendered judgment accordingly.

*Held:* That the judgment must be affirmed.

Writ of error to a judgment of the Circuit Court of the city of Norfolk, in an action of unlawful detainer. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Herman A. Sacks,* for the plaintiff in error.

*Michael Cooper* and *E. R. F. Wells,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

For convenience the defendant in error, who was the plaintiff in the trial court, will hereinafter be designated as the plaintiff, and the plaintiff in error, who was the defendant in the trial court, will hereinafter be referred to as the defendant.

By deed of lease dated April 20, 1921, the plaintiff, an optician, obtained a lease for the storeroom 704 Church street, Norfolk, Va., for a term commencing June 1, 1921, and expiring June 1, 1923, at a rental of $75.00 a month for the first year and $100.00 per month for the second year.

Shortly after taking possession, about June 5, 1921, he made a verbal arrangement to sublet to defendant a portion of the store for the purpose of conducting a jewelry business.

The contention of the plaintiff is that he sublet the portion of the store above referred to to defendant until June 1, 1923, the date of the expiration of plaintiff's lease, and defendant agreed to pay monthly, on the first day of each month, one half of the rent in amount, which plaintiff had to pay, as well as one half of current expenses, such as telephone bills, electric light bills, etc.

Defendant moved in on June 10, 1921. On July 1st following the parties had a settlement and defendant paid plaintiff $99.50 for two-thirds of one month's rent and his share of expenses. The receipt taken by plaintiff at the time shows the various items making the total $99.50. The rent was thus paid up to July 1 and thereafter it was paid on the first day of each month, until the controversy which culminated in this action arose.

The plaintiff, on February 26, 1923, gave defendant written notice to surrender possession of the premises occupied by him on May 31, 1923, at which time, as above stated, plaintiff's lease to the entire premises expired.

Defendant refused to vacate, claiming a tenancy by the year, and plaintiff, who in the meantime had renewed his own lease, brought a warrant of unlawful detainer against him before the civil justice of Norfolk.

Upon the trial of this warrant the plaintiff testified as

to the terms of the verbal lease to defendant who did not testify, and on plaintiff's testimony alone the civil justice reached the conclusion that the original lease was for more than a year, that he did not have jurisdiction to try the case, therefore, and for this reason dismissed the warrant.

The plaintiff then instituted his action of unlawful detainer against defendant in the Circuit Court of the city of Norfolk to recover the premises occupied by him.

A trial of this action was had on July 23, 1923, and there was a verdict of the jury in favor of the plaintiff, and on August 4, 1923, the court, having heard and overruled the plaintiff's motion to set aside the verdict, which action of the court was duly excepted to, entered judgment for the plaintiff.

The defendant applied for and obtained a writ of error from one of the judges of the Supreme Court of Appeals.

[1] There are five assignments of error which we will dispose of in the order in which they appear in the record.

1st:   The court erred in refusing to quash the written summons on the grounds that the premises which the plaintiff was seeking to recover in this action were so insufficiently and inadequately described that the sergeant of the city of Norfolk would be unable to place the plaintiff in possession if he recovered.   The premises were described in the summons as follows:

"That certain space in the storeroom No. 704 Church street, in the city of Norfolk, Virginia, located on the southern side of the said storeroom, and including the southern front window space used by the defendant for the display of jewelry merchandise, and that certain floor space situated on the said southern side of the said storeroom wherein is placed one certain iron safe, one

certain jewelry show case, one watch crystal case, and one typewriter, one wooden box, one miscellaneous supply wooden stand, and two chairs, and one small rug, belonging to the said defendant."

This description is amply sufficient and there was no error in refusing to quash the summons.

[2] 2nd: The second assignment of error is to the action of the circuit court in refusing to hear, as a separate issue, the matters set forth in an alleged plea of *res adjudicata* filed by the defendant, and in submitting these matters, along with all of the other facts of the case, to the jury.

The defendant suffered no injury by the action of the court in the premises. The record discloses that he was permitted to go at great length into all matters pertaining to his plea, and it further discloses that there was no adjudication of the merits of the case in the civil justice's court. The case there was dismissed by the justice for lack of jurisdiction.

[3] 3rd: The third assignment of error is to the action of the trial court in granting instructions Nos. 1, 2 and 4, at the request of the plaintiff.

Instruction No. 1 is as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff subletted to the defendant the premises in question for the duration of plaintiff's original lease for the premises 704 Church street, and that the defendant remained in possession from June 10, 1921, until the expiration of plaintiff's original lease without further agreement with plaintiff extending his sublease; that the plaintiff has demanded of the defendant possession of said premises since the 1st day of June, 1923, but that the defendant has refused to deliver possession of the premises in question and is in possession against the consent of the plaintiff, and that the defendant has not

unlawfully held or detained the possession of the premises in question for three years before the date of the summons, then you should find for the plaintiff.''

This instruction fairly and correctly states the theory of the case from the plaintiff's standpoint and is supported by evidence.

[4] Instruction No. 2 is as follows: "The court instructs the jury that whether or not a tenancy is a monthly tenancy or a tenancy for a longer period involves both a question of law and fact, and the fact that it may have been claimed in the civil court by the plaintiff's attorney that this was a tenancy from month to month does not stop the plaintiff from contending in the case at bar that the tenancy was of a different kind and for a different term.''

It is contended that this instruction is erroneous because it tells the jury that the question as to whether a tenancy is a monthly tenancy or a tenancy for a longer period involves both a question of law and fact, and that it is a question of law for the court upon a given state of facts.

Of course if the facts are agreed the question as to whether the tenancy is monthly or otherwise is one for the court, but in the case at bar there was a dispute as to the facts. The plaintiff's version, if believed by the jury, clearly established a tenancy in the defendant to June 1, 1923, while the defendant's version, if believed by the jury, would have established a tenancy by the year. It was a question for the jury to say which was the correct version. When the jury had ascertained the true facts, then it became a question of law. Therefore, the court was correct in telling the jury that the question as to the tenancy involved one of law and fact.

[5] It is further contended that the instruction is er-

roneous because it told the jury that the fact that it may have been claimed in the civil court by the plaintiff's attorney that this was a tenancy from month to month did not stop plaintiff from contending at the trial before the circuit court that the tenancy was of a different kind for a different time.

This contention is based upon the facts, as above set out, that prior to the institution of the action in the circuit court the plaintiff sued out a warrant before the civil justice, upon the legal assumption, from the facts within his knowledge, that the tenancy was one from month to month. However, upon the testimony of the plaintiff *himself*, and without hearing further evidence, the civil justice was of opinion that the tenancy was for more than a year, and the warrant was dismissed for lack of jurisdiction.

[6, 7] We fail to see how one who has stumbled into the wrong forum, and whose attorney had contended in such forum that as a matter of law he was in the right forum, should be precluded from instituting a new proceeding in the proper forum. Again, in the trial before the circuit court there was a conflict as to what the testimony before the civil justice was, as to the term of the tenancy. There was evidence to support the contention that plaintiff's testimony was the same at each trial. As a matter of fact, as pointed out, the civil justice dismissed the warrant for want of jurisdiction on the plaintiff's testimony alone, and upon the ground that the evidence showed that the tenancy was for a period of more than one year. This part of the instruction does nothing more than tell the jury that even if plaintiff's attorney did contend that the tenancy was one by the month, without conceding that he did, this did not stop plaintiff from contending in the circuit court that it was a different kind and for a different

term. The fact that the attorney or the plaintiff drew a conclusion of law from the facts which proved to be, and was decided by the justice to be, erroneous, certainly did not estop either of them from contending for a proper legal conclusion at a later date.

[8] Instruction No. 4 is as follows: "Even if the jury believe from the evidence that the sublease was for a year from June, 1921, and thence from year to year, then the notice of February 26, 1923, was sufficient to terminate it as of May 31, 1923, and they must find for the plaintiff."

We cannot better dispose of the objection to this instruction than to quote from the reply brief of the learned counsel for plaintiff:

"It is contended on behalf of the plaintiff in error that this instruction was erroneous because 'there was not a scintilla of evidence to support it.'

"In this, the counsel for defendant has fallen into error. It will be recalled that the sublease to Spandorfer was to be of the same duration as the lease under which he, Cooper, held the premises. His lease began on June 1, 1921, and ended May 31, 1923, a period of two years. According to his contention, the sublease was to run from June 1 and not from June 10, because if it had run for two years from June 10th it would have gone beyond the date of the expiration of his own lease, namely, May 31, 1923. To carry out this idea the parties, on July 1, 1921 (not July 10, 1921), had an adjustment of the June rent. In view of the fact that Spandorfer did not actually move in the store until June 10th, he was charged with only two-thirds of the June rent, namely, $25.00, and a receipt was given to him setting this forth. Thereafter, rent was paid on the first day of each month. This would seem to indicate that the beginning of the lease was June 1st, and not June 10th.

The court had already granted instruction No. 1, setting forth the plaintiff's theory of the tenancy, and instruction No. C, setting forth the defendant's theory of the tenancy, and instruction No. 4, was offered and granted in case the jury accepted a portion of the plaintiff's theory, namely, the beginning of the tenancy, and a portion of the defendant's theory, namely that it was a tenancy from year to year. The instruction was entirely proper and certainly it was altogether harmless."

4th: The fourth assignment of error is to the action of the court in refusing instructions A and B offered by the defendant.

Instruction No. A is as follows: "The court instructs the jury that if you believe from the evidence that the plaintiff brought an action against the defendant in the civil court where he contended that he was a tenant for less than a year, then you must find for the defendant."

This instruction was properly refused, the reasons therefor having been given in discussion of instruction No. 2.

The objections to instruction B refused by the court were abandoned in the argument before this court.

[9] 5th: The fifth assignment of error relates to the refusal of the trial court to set aside the verdict and grant defendant a new trial.

The main controversy in the case was as to the nature and duration of the lease. There was a conflict in the evidence as to these questions which was fairly submitted to the jury upon proper instructions. The jury heard all evidence, found a verdict for the plaintiff, which was approved by the trial court, and which rendered judgment accordingly. We affirm that judgment.

*Affirmed.*