## LAPEER TRAILER CORPORATION v. FREUHAUF TRAILER CO.

District Court, E. D. Michigan, S. D.
September 17, 1927.

1. **Patents** &#9901;310(7)—**Party pleading large number of patents to defeat patent in suit may be required by bill of particulars to specify which are relied on as anticipations.**

Where a large number of prior patents are pleaded to show invalidity of patent in suit, pleader may be required by bill of particulars to specify which are relied on as anticipations, and which as merely illustrative of the art.

2. **Estoppel** &#9901;68(2)—**Denial of validity in prior suit held not to estop complainant to allege validity after acquiring patent in suit against another.**

Allegation of invalidity of a patent in the verified answer of a defendant sued for infringement *held* not to estop such defendant, after it acquired the patent in settlement of the suit, to allege its validity in a subsequent suit for its infringement by another.

In Equity. Suit by the Lapeer Trailer Corporation against the Freuhauf Trailer Company. On motion by defendant for bill of particulars, and by complainant to strike out part of answer. Motion for bill of particulars granted, and motion to strike out denied.

Barthel, Flanders & Barthel, of Detroit, Mich., for complainant.

Stuart C. Barnes, of Detroit, Mich., for respondent.

DAWKINS, District Judge. Complainant brought this suit, alleging infringement of letters patent No. 1,084,820, to Theodore Pescatore, covering certain improvements in the construction of trailers for motor trucks, by which it is said the driver is able to at-

tach and detach the trailer from the truck without leaving his seat. Respondent answered, denying infringement, and by cross-bill charged infringement of three certain other patents covering truck trailers, to wit: No. 1,383,381, to Andrew J. Borst, issued July 5, 1921, and No. 1,300,003, issued to Orlando D. and Harold W. Shonnard, dated April 8, 1919, held by it as assignee. In answer to the counterclaim of respondent, complainant denied infringement and assailed the validity of these latter patents, setting up more than 100 other patents by name and number as anticipatory of those of Borst and Shonnard, and also as illustrative of the prior art. Thereupon respondent, counter-claimant, filed a motion for a bill of particulars, asking that complainant be required to state which of the patents and publications would be offered in evidence to illustrate the prior art and to show anticipation, and of those "not offered as anticipation, specifying for what purpose same are offered and how they are considered as pertinent with relation to the claim sued on in the counterclaim."

[1] It is a well-known rule of patent law that the whole field of human activities is open to a defendant charged with infringement, and if he can show that the ideas embraced in the construction were either generally known and used for more than two years prior to the application for the patent alleged to be infringed, or were disclosed in some other patent, it is fatal to the validity of the patent sued upon, unless there be some new and useful combination of old elements producing a function amounting to invention. He may therefore allege any or as many of such instances as he sees fit as anticipations, or to illustrate the prior art. It then becomes the duty of the court to determine whether such contentions as a matter of fact and law are sound. However, as a matter of practical procedure, the trial court may require, where a large number of patents are alleged, as here, the pleader to indicate specifically which of them he will rely upon as anticipations, and which will be urged as merely illustrative of the art, as well as those which will be offered in evidence for either purpose, in order that the other side may have them examined by his experts, and be prepared to demonstrate to the court whether or not they have any pertinency.

This rule has grown up because of the fact that litigants often allege or "throw in" a lot of patents, which they have no serious intention of contending have any particular relevancy to the issues in suit. I think, there-

fore, that the complainant should state which of these numerous patents it will rely upon as anticipations, and which as only illustrative of the art, as well as those which will be offered in evidence. Their pertinency and bearing upon the patents alleged upon in the counterclaim I think are matters of evidence and argument to be shown on the trial.

## On Motion to Strike Out Paragraph 17 of Respondent's Answer.

Complainant has moved to strike out paragraph 17 of respondent's answer, reading as follows:

"Assuming that the said Pescatore patent be valid, and that defendant has manufactured structures that technically come within the claims of the Pescatore patent, this plaintiff is estopped by its conduct from enforcing its patent against this defendant by reason of the relations that existed between these parties before the alleged acquirement of the Pescatore patent by the plaintiff; that before the acquirement of this patent by the plaintiff, this plaintiff was sued in the United States District Court of the Eastern District of Pennsylvania, in the case of George Carleton vs. Lapeer Trailer Corporation, equity No. 2813, and in an answer filed in that suit this plaintiff vehemently maintained that the said Pescatore patent was void as to all of its claims in view of the prior art hereinafter cited in this suit (paragraph 18), and this answer was duly sworn to by Sidney B. Winn, secretary of the said Lapeer Trailer Corporation, who signed the bill of complaint in this present suit, alleging that this patent is valid; that on or about the time that this suit was brought, the defendant, Freuhauf Trailer Company, being also menaced by this Pescatore patent, and this plaintiff, Lapeer of their respective companies against this Trailer Corporation, met together by their duly authorized representatives, namely, Sidney B. Winn and Harvey C. Freuhauf, and agreed to co-operate together in their mutual interests in the defense and protection void patent, said mutual co-operation and defense to extend to any legitimate way of protecting the respective companies, either by defense against the patent or acquiring rights thereunder to thereby avoid contesting the patent; that plaintiff, notwithstanding this said agreement, did thereafter proceed to negotiate the purchase of the said Pescatore patent without consulting this defendant; that thereafter the plaintiff, by its attorney, Howard Streeter, did notify this defendant that the purchase of the said patent had been duly effected, and that the said Streeter stated that Mr. Winn would

soon be in Detroit to arrange with said defendant to carry out their understanding; that the defendant, through its attorneys, Charles F. Welsh and Stuart C. Barnes, and through its vice president, Harvey C. Freuhauf, repeatedly attempted to obtain a meeting with the said Lapeer Trailer Corporation with an idea to properly be discharged of any claim of infringement by reason of such pre-existing arrangement; that, notwithstanding they had at all times considered said patent void, they appreciated that the matter was open to litigation, and preferred to have a complete and formal discharge of all claims of infringement; that the plaintiff Lapeer Trailer Corporation, over a period of two or three years, absolutely neglected and refused to hold a conference with the defendant, or make any arrangement as agreed to, notwithstanding that in September of 1924 they had agreed to do so within a few days; that in the meantime this defendant, for its own protection, had acquired three valid and dominating patents relating to trailer construction, namely, Andrew J. Borst patent, 1,383,381, on a semitrailer, patented July 5, 1921, Andrew J. Borst patent, 1,479,215, on an automobile train, patented January 21, 1924, and the Peets & Shonnard patent, 1,300,003, on a brake, patented April 8, 1919; that this defendant, desiring at all times to avoid litigation between these two companies, did duly apprise the plaintiff of the acquisition of these three dominating patents, and suggested and importuned this plaintiff for a conference in which a fair discussion and arrangement of all their conflicting rights might be worked out to the advantage of all parties concerned; that the plaintiff even declined to answer defendant's letters, and absolutely neglected and refused to hold a conference until about three days before the bill of complaint was filed in this suit, when plaintiff's attorneys notified the defendant that their client would be in Detroit at such attorneys' office to discuss the patent situation existing between the two companies; that defendant and its attorney called at such office at the appointed time, and were met by one of plaintiff's attorneys, who stated that Mr. Winn, of the Lapeer Company, did not think it necessary to stay to attend the conference, but simply left some kind of license under the Pescatore patent, which this defendant was expected to sign; that this defendant considered such an offer an insult under the circumstances, and refused to even inquire as to the terms; that defendant then became aware that the plaintiff preferred litigiousness rather than settlement."

The contention is, in effect, that, even if these allegations were admitted, they would be no defense to the charge of infringement, nor could the court grant any other relief thereon; that they disclose no enforceable agreement, and are but conclusions of the pleader, without allegation of provable ultimate facts. Estoppel is also pleaded upon the basis of allegations in the defense of the suit in Pennsylvania, charging invalidity of the Pescatore patent.

[2] Taking these propositions up in reverse order, I do not see that there is any basis for estoppel. The parties, complainant and defendant, are entirely different; that case was disposed of by settlement, not by a judgment; and in so far as the allegations of plaintiff therein were based upon conclusions of law, I think it would be a dangerous doctrine, both for litigants and counsel, to say that they were bound by their judicial assertions of what the law is or is not.

On the other hand, if the court should find that these litigants, complainant and respondent, had entered into a definite understanding to defend against the Pescatore patent, and as a matter of mutual benefits had agreed that they would co-operate together to the extent, if necessary, of acquiring rights under that patent, and one of them bought it without the other's knowledge or consent as to price, terms, etc., it might be that a court of equity would find some way of granting relief, even though it could not hold that the purchase was for the account of both parties. The question of whether or not respondent has offered to pay any of the price or the expense incident to acquiring the patent would be one for the court to consider along with all the other circumstances of the case in determining the relief, if any, to be granted.

My conclusion is that I should not strike this paragraph from the answer, and that the respondent should allege more specifically and definitely the exact nature and extent of the agreement which it claims to have had with complainant.

## Objections to Respondent's Interrogatories.

Respondent, counterclaimant, has propounded certain interrogatories to complainant, mainly with respect to the matters alleged in paragraph 17 of the former's answer to the bill of complaint. Complainant objects to these inquiries, largely upon the same grounds as are urged in the motion to strike out. The reasons given above for refusing to strike that paragraph from the

answer are equally applicable to the objections so urged, and they should be overruled.

Respondent, in its concluding interrogatory, asks complainant to produce blueprints, drawings, or models showing in detail the Lapeer trailer construction "which most nearly corresponds to the structure claimed and shown in the Borst and Peets & Shonnard patents in suit." I do not think that complainant should be required to give its opinion as to which of its structures does or does not approximate that of respondent, but that it should produce such of its blueprints, drawings, and models as cover the Pescatore patent, as well as the structure manufactured and sold by it.

A decree in accordance with the views expressed in this memorandum may be presented.