JOHN MCNUNIS

*v.*

CARL ZUKOSKY

(No. 10736)

Submitted September 13, 1955. Decided October 18, 1955.

*Alfred R. Putnam, Tusca Morris,* for plaintiff in error.

*Roleigh Lee Stubbs,* for defendant in error.

GIVEN, JUDGE:

In this action, one charging false imprisonment and illegal arrest, prosecuted in the Circuit Court of Marion County by John McNunis against Carl Zukosky, the second amended declaration charges that a justice of the peace of Marion County, at the instance of Zukosky, issued a peace warrant which "was void by reason of the

fact that the alleged offense, upon complaint of which said void warrant was issued, purportedly occurred in Monongalia County, West Virginia, whereas the said void warrant was issued" by a justice of the peace of Marion County, and that the plaintiff McNunis was illegally arrested and imprisoned under the void warrant. The defendant demurred to the second amended declaration, and the court overruled the demurrer. The case was tried to a jury. A verdict for the plaintiff in the amount of five hundred dollars was returned, and judgment was entered thereon.

McNunis and Zukosky resided in Marion County. Zukosky owned two farms, one in Marion County and one in Monongalia County. Previously, McNunis had rented from Zukosky the Monongalia County farm, but had surrendered possession thereof to Zukosky prior to the time of the threat alleged in the warrant. McNunis, with Howard Corley, went to the farm in Monongalia County, allegedly for the purpose of collecting a debt from Zukosky. While there, an argument ensued, and it is alleged that McNunis threatened to shoot Zukosky "between the eyes". Zukosky then obtained, from a justice of the peace of Marion County, the peace warrant under which McNunis was arrested. The information upon which the warrant was founded, and the warrant, stated that the alleged threat was made in Marion County. It seems clear, however, that Zukosky made no representation as to the county in which the threat was made, but that the justice who issued the warrant merely assumed that the threat was made against Zukosky in Marion County. Upon the trial of McNunis before a justice of Marion County, to whom the case had been transferred by the justice who issued the warrant, McNunis was found not guilty.

Subsequent to his acquittal, McNunis instituted an action of malicious prosecution against Zukosky in the Circuit Court of Marion County. Upon the trial of the malicious prosecution case, a directed verdict was returned in favor of Zukosky, and the action was dismissed, apparently on the ground that the peace warrant was void

for the reason that the threat was alleged in the warrant to have been made in Marion County, while the proof established that the threat, if one was made, was made in Monongalia County. Subsequent to such dismissal, the instant action for false imprisonment was instituted and, upon a verdict for McNunis for five hundred dollars, a judgment was entered against Zukosky.

The first question for decision relates to the validity of the peace warrant. The plaintiff contends that the warrant was void for the reason that it alleged the threat to have been made in Marion County, while the proof established that if any threat was made, it was made in Monongalia County, beyond the territorial jurisdiction of the justice who issued the warrant. Defendant contends that the complaint, and the warrant, fully complied with the statute and that the warrant is a valid peace warrant, and that an action for false imprisonment can not be maintained where the arrest was made by virtue of a valid warrant, except where there are charges of unlawful execution of the process.

The pertinent statute, Code, 62-10-2, reads: "If complaint be made to any justice, that there is good cause to fear that a person intends to commit an offense against the person or property of another, he shall examine the complainant on oath, and any witnesses who may be produced, reduce the complaint to writing, and cause it to be signed by the complainant. If it appear proper, such justice shall issue a warrant, reciting the complaint, and requiring the person complained of forthwith to be apprehended and brought before him or some other justice of the county."

It is axiomatic, of course, that the territorial jurisdiction of a justice can not extend beyond his own county. It will be noticed, however, that the statute does not require that the complainant seeking a warrant thereunder establish that the offense upon which the warrant is based had been committed in the county of the justice issuing the warrant, but merely that there is "good cause to fear

that a person intends to commit an offense". In the instant case the alleged threat, if made, was an offense in Monongalia County, but the purpose of the peace warrant was not to punish for that offense, but to prevent the commission of any further offense. See *State* v. *Cowger*, 83 W. Va. 153, 98 S. E. 71. While the statute does not authorize the issuance of a peace warrant unless an offense has been committed, it does not specifically require that the offense upon which the warrant is based shall have been committed within the territorial jurisdiction of the justice. The question then naturally arises whether such a warrant must be issued by a justice of the county wherein the offense actually occurred, or whether such a warrant may be issued by a justice of any county wherein the complainant may reasonably fear that the threat, the commission of the further offense, may be carried out.

In *State* v. *Scouszzio,* 126 W. Va. 135, 140, 27 S. E. 2d 451, this Court held: "3. A recognizance given under the provisions of Code, 62-10-1 to 3, is for the exclusive benefit of the State, and there can be no recovery of the penalty thereof for or on behalf of any person injured, or the personal representative of one killed, by a breach of its conditions." In the opinion the Court said: "* * * A recognizance to be of good behavior and to keep the peace is wholly preventive, and not remedial. Its purpose is to deter the person required to give the security from misbehavior in general. It does not purport to be for the indemnity of an individual who may be injured by his misconduct. It is to prevent crimes; not torts. It protects the public at large, not any individual especially * * *". This being true, it seems clear that the purpose of the statute is to prevent the commission of crimes in any county, regardless of where the offense occurred upon which such a warrant is based. The State is not merely interested in the prevention of crimes in counties wherein offenses have been previously committed, but in the prevention of all crimes in all counties. We are, therefore, of the opinion that the peace warrant was valid and, since an action for false imprisonment can not be maintained

on a valid warrant, except where there are charges of unlawful execution of the process, the demurrer of the defendant to the second amended declaration should have been sustained. "A demurrer is properly sustained to a count purporting to charge false imprisonment where it appears from the count itself that the imprisonment complained of was incident to an arrest under a warrant apparently regular, issued by a public official having authority to issue the same." Point 5, Syllabus, *Vorholt* v. *Vorholt*, 111 W. Va. 196, 160 S. E. 916. See *Williamson* v. *Glen Alum Coal Co.*, 72 W. Va. 288, 78 S. E. 94; *Ogg* v. *Murdock*, 25 W. Va. 139; *Vinal* v. *Core and Compton*, 18 W. Va. 1.

As before noted, the warrant charged the alleged threat to have been committed in Marion County, while the proof established that the threat, if actually made, was made in Monongalia County. This, at most, constituted a variance between the pleading and the proof. The allegation in the warrant as to where the threat was made was not an essential element of jurisdiction, but was material as notice to defendant of what crime he was charged with having committed as basis for the warrant. Proof of a fact different from that alleged in the warrant would not render the warrant void. It is a familiar rule that for the plaintiff to sustain his case, the proof must correspond with the material allegations of his pleadings. See *Janssen* v. *Carolina Lumber Co.*, 137 W. Va. 561, 78 S. E. 2d 12, and cases there cited.

It is contended, as a basis for affirming the judgment in the instant proceeding, that in the malicious prosecution action dismissed by the court, the judgment of the court amounted to an adjudication of invalidity of the peace warrant here involved. No plea of *res judicata* was filed. Many cases of this Court hold that a party relying upon the defense of *res judicata* must plead and prove it. See *Mountain State Motor Car Co.* v. *Solof*, 97 W. Va. 196, 124 S. E. 824; *Campe* v. *Board of Education*, 95 W. Va. 536, 121 S. E. 735; *Collins* v. *Board of Trustees*, 72 W. Va. 583, 79 S. E. 10; *Beall* v. *Walker*, 26 W. Va.

741. Moreover, the ruling of the court in the malicious prosecution action, as to the validity of the warrant, was not an adjudication of any fact, but merely a ruling of the court on a point of law. See *State* v. *Penn Oak Oil & Gas Co.*, 128 W. Va. 212, 36 S. E. 2d 595. It may be further observed that though the same factual situation involved in the malicious prosecution action is involved in the instant proceeding, the causes of action are not the same. The facts essential to the maintenance of an action for malicious prosecution are different from the facts essential to the maintenance of an action for false imprisonment. See *Vorholt* v. *Vorholt, supra.* The rule of *res judicata* has no application where the causes of action are not the same. *Lutz* v. *Williams,* 84 W. Va. 216, 99 S. E. 440; *Crouch* v. *Crouch,* 78 W. Va. 708, 90 S. E. 235; *Parr* v. *Howell,* 74 W. Va. 413, 82 S. E. 126.

The plaintiff further contends that the defendant is estopped to contend, in the present proceeding, that the peace warrant was valid, because he contended, in the malicious prosecution action, that the warrant was void, relying upon cases like *McDonald* v. *Long,* 100 W. Va. 551, 131 S. E. 252, wherein the Court held: "Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts." See *Carter* v. *City of Bluefield,* 132 W. Va. 881, 898, 54 S. E. 2d 747; *Watkins* v. *Norfolk & Western Railway Co.,* 125 W. Va. 159, 23 S. E. 2d 621; *Greenbrier Laundry Co.* v. *Fidelity & Casualty Co.,* 116 W. Va. 88, 178 S. E. 631; *Central Trust Co.* v. *Cook,* 111 W. Va. 637, 163 S. E. 60; *Ealy* v. *Shetler Ice Cream Co.,* 110 W. Va. 502, 158 S. E. 781; *Clay County Bank* v. *Wilson,* 109 W. Va. 684, 158 S. E. 517; *Thompson* v. *Beasley & Galigher,* 107 W. Va. 75, 146 S. E. 885; *Bush* v. *Ralphsnyder,* 100 W. Va. 464, 130 S. E. 807. The rule is a salutory one and is favored by the courts. It tends to lessen litigation by preventing litigants from retrying their cases on one theory after another. The rule, however, has many exceptions, and usually is not applied

where mere questions of law are involved, but where "the same facts or state of facts" are involved.

In the instant case the defendant contends that the warrant was valid, while in the prior action he contended, on the same set of facts, that the warrant was void. Before the dismissal of the first action, however, the defendant informed the court that he had reached the conclusion that the warrant was valid, whereupon the plaintiff informed the court that he had changed his opinion and then believed that the warrant was void. Thereafter, the first action was dismissed by the court on the theory that the warrant was void, and the present action was instituted. Thus it appears that the plaintiff was in agreement, at least, with the action of the court in dismissing the first action. Can he take advantage of a situation which he helped to create? See 31 C.J.S., Estoppel, Section 65. In these circumstances, we are of the opinion that the rule should not be applied in this case.

The question of whether the warrant was valid or void under the statute was of first impression and was one of law for the court, a difficult question on which the best of opinions might, and probably would, differ. In the absence of fraud or a wilful misleading of the court, litigants should not be barred of their rights merely because their counsel assumed an erroneous position as to a question of law. Should the rule be applied in such a case, and counsel be bound by their first impressions of the law, at the expense of the rights of their clients, they could be of little help to the courts in correctly resolving questions of law. "The doctrine of estoppel has reference to factual matters and not to contentions upon the law as applied to a given state of facts". *Mississippi Power & Light Co.* v. *Pitts*, 181 Miss. 344, 179 So. 363. "There can be no 'estoppel' unless there is injury to one party or advantage to the other, resulting from the acts or declarations said to create the estoppel, and one cannot be estopped by admissions as to the law." *Grodsky* v. *Sipe*, 30 F. Supp. 656. See *Denny* v. *Searles*, 150 Va. 701, 143 S. E. 484; *Span-*

*dofer* v. *Cooper,* 141 Va. 792, 126 S. E. 558; *Costello* v. *Sharp,* 65 Calif. App. 152, 223 P. 567; *Southern Coal & Iron Co.* v. *Schwoon,* 145 Tenn. 191, 239 S. W. 398; *LaPeer Trailer Corp.* v. *Freuhauf Trailer Co.,* 24 F. 2d 595; *Graham* v. *Superior Mines,* 100 Mont. 427, 49 P. 2d 443; *Charter Oak Inv. Co.* v. *Felker,* 60 S. W. 2d 655; *Harnischfeger Sales Corp.* v. *Sternberg Co.,* 180 La. 1059, 158 So. 556.

Other questions raised are rendered immaterial by the above holdings. The judgment complained of is reversed, the verdict is set aside, and the case remanded to the Circuit Court of Marion County.

*Reversed;*
*verdict set aside;*
*case remanded.*