No. 18,430.

Thomas F. Kenny *v.* The State Civil Service Commission of the State of Colorado, et al.
(348 P. [2d] 367)

Decided January 18, 1960.

Mr. Thomas F. Kenny, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank

E. HICKEY, Deputy, Mrs. PATRICIA H. MALOY, Assistant, for defendants in error.

*En Banc.*

PER CURIAM.

THE parties are here in the same order in which they appeared in the trial court, and we shall refer to them as plaintiff or defendants.

The action was prosecuted under Rule 106 (a) (4), R.C.P. Colo., to review the action of the defendants in removing plaintiff from the classified service of the State and in dropping his name from the roll of classified employees. The trial court reviewed the record submitted by the defendants and entered judgment dismissing the complaint.

The record discloses that plaintiff accepted a certification of the Civil Service Commission on October 22, 1956. On November 16, 1956, plaintiff was directed to report at Montrose, Colorado, for assignment of duties.· He refused to accept the assignment and failed to report for duty as directed during the period November 16 to November 27, 1956. Based on this refusal and his unauthorized and unexcused absence, the Director of the Department to which plaintiff was assigned requested by letter that plaintiff be discharged from his position. Being notified by the defendants of the requested action plaintiff was accorded a hearing, and the record discloses that plaintiff again refused to accept the assignment to Montrose, Colorado. On December 6, 1956, charges were filed against plaintiff by the Director of Employment under the applicable Civil Service rules. A hearing was held and on January 9, 1957, the defendants entered findings and ordered that plaintiff be discharged and his name dropped from the roll of state employees.

Under the rules and regulations of the Commission

pertaining to eligibility lists there is a provision that a person on such list, awaiting a job opening, may file with the Commission a written statement restricting the conditions under which he will be available. That rule, Section 7 of Article 7 of the Rules and Regulations of the Commission, provides:

"Whenever an eligible submits a written statement restricting the conditions under which he will be available, or as permissible, the locations where he will accept employment, his name shall be withheld from all offers of employment which do not meet the stated conditions and locations under which he will be available, except that if such statement results in a withdrawal of his name from a current offer, it may be deemed a declination of appointment."

Kenny on two occasions had refused to accept certification to positions which would have required him to work outside of Denver. He did not, however, have on file the written statement as provided by the above quoted rule. Upon being offered employment for the third time, Kenny accepted the appointment and entered upon a period of training for position as interviewer, a general classification with no particular office or location designated.

He stated at the hearing that he was aware from previous experience, when he had declined employment, that appointment might be at offices in the state other than in Denver.

The sole question presented is whether the undisputed evidence, showing that plaintiff refused, without justification, to accept the assignment of duty given him and absented himself without leave for a period in excess of five days, pursuant to the pertinent rule in such case made and provided, was sufficient to justify the ruling and order of defendants in removing his name from the classified list.

Certification as a civil service employee does not entitle a person to ordain and dictate the location,

terms and conditions of his employment, particularly where, as here, the employee accepts a position with full knowledge of the existing and applicable terms and conditions which are not manifestly unreasonable. It is clear from the record presented that plaintiff insisted upon employment in Denver, and wilfully refused to accept the assignment to Montrose. Plaintiff's position in this matter if sustained would mean that employees entering the classified service could determine where they would be stationed, even though no position existed in that locale. Eligibility for employment as a servant of the State does not include such prerogatives or impose on the hiring authority the obligation to meet the whim or caprice of one who desires employment with the State.

The judgment of the trial court is affirmed.