Joe Zigmond

*v.*

Civil Service Commission of
West Virginia, *et al.*

(No. 13140)

Submitted January 18, 1972.    Decided February 15, 1972.

*W. Bernard Smith,* for appellant.

*Chauncey H. Browning, Jr.,* Attorney General, *Dennis R. Vaughan, Jr.,* Special Assistant Attorney General, *Hanna, Ross & Vaughan,* for appellees.

BERRY, JUDGE:

This is an appeal from an order of the Civil Service Commission of West Virginia of May 28, 1971 affirming the dismissal of the petitioner, Joe Zigmond, as an employee of the Alcohol Beverage Control Commissioner of West Virginia. On October 4, 1971 this Court granted an appeal to the petitioner. The respondents on October 14, 1971 filed a written motion to dismiss the appeal, contending that it had been improvidently granted because the appeal procedure followed under Code, 29-6-13, as amended, providing for a direct appeal to the Supreme Court, was repealed by Code, 29A-7-3, as amended. The respondents contend that Code, 29A-7-3, as amended, provides for an appeal to the Circuit Court, and then to the Supreme Court, and that since that procedure was not followed this Court had no jurisdiction to hear the appeal. The petitioner filed a motion for leave to move to reverse the judgment of the Civil Service Commission, which motion was granted and the case was docketed for hearing on the motion to reverse and the case was submitted for

decision on arguments and briefs of the parties January 19, 1972.

The petitioner was dismissed from his position as cashier at the Logan store of the Alcohol Beverage Control Commissioner on January 20, 1969, without being furnished reasons for his dismissal in writing. The petitioner filed an appeal with the Civil Service Commission of West Virginia, and after a hearing held on said appeal the Commission, on August 18, 1970, ordered the petitioner reinstated to his position, or a position of like status and pay, without loss of pay for the period of his suspension. By letter dated August 28, 1970 the Alcohol Beverage Control Commissioner advised the petitioner that in accordance with the decision of the West Virginia Civil Service Commission on August 18, 1970 the petitioner had been properly reinstated as an employee of the Alcohol Beverage Control Commissioner, and that he was expected to report for work at 8 o'clock a.m. on September 1, 1970 at the Princeton store. The petitioner did not receive this letter until August 31, 1970.

The petitioner did not report for work in accordance with the notification of the Commissioner, and on September 16, 1970 petitioner's counsel notified the Alcohol Beverage Control Commissioner of his objections to the assignment to work at the Princeton store. Petitioner's counsel contended that the position in the Princeton store was not a position of like status and pay and that the petitioner's notice received on August 31, 1970 to report for work the next day was unreasonable. The petitioner was notified by letter dated September 25, 1970 and signed by George W. Spruce, Director of Personnel of the Alcohol Beverage Control Commissioner, that his employment was officially terminated because of his failure to report for work at the Princeton store, and also that the Civil Service Commission had advised Spruce by letter that the petitioner had failed his civil service examination.

The petitioner filed a timely appeal with the Civil Service Commission of West Virginia which heard the case

on May 11, 1971 and found that the petitioner was not justified in the refusal to report for work at the Princeton store and that the position assigned to the petitioner was one of like status and pay and, consequently, sustained his dismissal.

The petitioner contends that between the time of his first dismissal on January 20, 1969 and his reinstatement on September 1, 1970 the Alcohol Beverage Control Commissioner eliminated the position of "cashier" from the payroll and designated all former cashiers as "clerks", that he was entitled to be reinstated to the Logan store and not the Princeton store as a cashier, and that sufficient time was not given to him in the notice to report to the Princeton store.

It is the contention of the petitioner that he was a cashier at the Logan store before his improper dismissal and was covered by civil service in such position, that clerks are not covered by civil service and that he was assigned to the Princeton store as a clerk which is not a position of like status and pay.

The motion to dismiss because the appeal procedure followed was improper must be disposed of first.

It is true that the West Virginia Administrative Procedures Act passed by the legislature in 1964, three years after the Civil Service Act was passed, is applicable to the Civil Service Commission. It provides that all acts, or parts of acts, which are inconsistent with the provisions of the Administrative Procedures Act were repealed to the extent of such inconsistency. Code, 29A-7-3, as amended. The appeal provision contained in the Civil Service Commission Act, passed in 1961, provides that any final action or decision made by the Civil Service Commission on any appeal to it is subject to review by the Supreme Court of Appeals if the application for such appeal is made within sixty days of the action or decision of the Commission. Code, 29-6-13, as amended. The appeal provisions in the Administrative Procedures Act provide for an appeal from the Civil Service Commission to either

the Circuit Court of Kanawha County, or the circuit court of the county in which the petitioner resides or does business, within thirty days after the date the petitioner received notice of the order of the Commission. Code, 29A-5-4(b), as amended, and Code, 29A-6-1, as amended.

This Court has consistently held that the repeal of a statute by implication is not favored in law. *Belknap* v. *Shock*, 125 W.Va. 385, 24 S.E.2d 457; *Harbert* v. *County Court*, 129 W.Va. 54, 39 S.E.2d 177. The sections pertaining to appeals in both the Administrative Procedures Act and the Civil Service Commission Act deal with the same subject and are not repugnant, and can be said to merely provide for two methods of appeal from decisions of the Civil Service Commission. This matter is succinctly dealt with in point 6 of the syllabus in the case of *Harbert* v. *County Court, supra,* wherein it was held: "A general statute, which does not use express terms or employ words which manifest a plain intention so to do, will not repeal a former statute dealing with a particular subject, and the two statutes will operate together unless the conflict between them is so real and irreconcilable as to indicate a clear legislative purpose to repeal the former statute."

There being no express language in the Administrative Procedures Act that repeals the appeal procedure in the Civil Service Commission Act, and inasmuch as the sections are not irreconcilable or repugnant and can be employed as two different methods of review of decisions of the Civil Service Commission, the appeal section of the Civil Service Commission Act is therefore not repealed by implication by the provisions of the Administrative Procedures Act. See *State ex rel. Thompson* v. *Morton,* 140 W.Va. 207, 84 S.E.2d 791; *State ex rel. Revercomb* v. *O'Brien,* 141 W.Va. 662, 91 S.E.2d 865. The motion to dismiss alleging that the appeal was improvidently granted is overruled.

The disposition of this case rests on the classification of the petitioner when he was reinstated by the Civil Service Commission after his first dismissal.

There is no question that he was classified as a cashier and covered under the Civil Service System on January 11, 1969, after former Governor Smith issued Executive Order No. 5-69, which in effect listed the petitioner as being a cashier, the position he held at that time, and only employees such as managers and clerks were excluded from coverage in his Order as provided by law. This was clearly stated in the holding in the case of *State ex rel. Karnes* v. *Dadisman,* 153 W.Va. 771, 172 S.E.2d 561. The order of the Civil Service Commission reinstating the petitioner after his first appeal clearly stated that he was employed in the position of cashier and he was reinstated to such position. The notification by the Alcohol Beverage Control Commissioner of August 28, 1970 advised him that in accordance with a decision of the West Virginia Civil Service Commission he was properly reinstated as an employee of the Alcohol Beverage Control Commissioner. This indicates that he was reinstated in his former position as cashier and there was no reference with regard to reporting to work as a clerk. Therefore, the contention of the petitioner that he did not report to work because he was reinstated as a clerk is without merit. The record indicates that cashiers are employed in the liquor stores, and are designated as cashier-clerks on the payroll. The record further clearly indicates that the Alcohol Beverage Control Commissioner reinstated the petitioner as a cashier, the same position and pay he had before he was dismissed. The Alcohol Beverage Control Commissioner was compelled under the law to reinstate the petitioner as a cashier because he had been classified as a cashier when placed under civil service by former Governor Smith's Executive Order No. 5-69 and reinstated in such position by the Commission. His classification could not be changed by any action of the appointing authority which would remove him from such coverage under the Civil Service System. This was clearly stated in the holding of the case of *State ex rel. Karnes* v. *Dadisman, supra,* on page 781, wherein it was held: "Civil service laws are designed to afford to covered employees security of tenure. To permit the executive authority of the state, or an appointing

authority, to remove employees from such coverage without following the statutory procedures, or to allow such authorities, without judicial determination, to interpret the laws and by such interpretation to hold void the procedures employed to bring such employees within the classified service would defeat the basic purpose of civil service."

An exhibit to the transcript filed in this Court on July 19, 1971 by the Director of Personnel for the Civil Service System shows that the petitioner was assigned, when reinstated, under Budget No. 304 at store number 17 in Princeton, West Virginia, as "C-Clerk IV" at a salary of $410 a month. The transcript of the testimony in this case deals with appeals from the Civil Service Commission involving Bernie Queen and Joe Zigmond, which are *identical* with regard to the facts, except that Queen passed the civil service examination and Zigmond failed it, although his failure appears to have been questioned. Both cases were appealed to this Court on the same record made for both cases but only Zigmond's appeal was granted.

The statement by the Alcohol Beverage Control Commissioner clearly shows the position and pay given to both Zigmond and Queen when they were reinstated. The Commissioner's statement with regard to this matter, taken from page 15 of the transcript, reads as follows: "It was our position that we were putting Mr. Queen back on as a cashier, which was his like status, and back as pay, which was his like pay. This is what my understanding was. We did not mean to imply that if he took the job, he would be a clerk. We knew that he was a cashier and the title was under Civil Service * * *." It is clear from all the evidence that the contention of the petitioner that he was reinstated as a clerk and not as a cashier is without merit.

The assignment of the petitioner to the Alcohol Beverage Control Commissioner's store in Princeton after his reinstatement was merely a transfer of the petitioner in his same position as cashier. It has been specifically held

by this Court that such transfers are unquestionably authorized under the law applicable thereto. *Childers* v. *Civil Service Commission*, 155 W.Va. 69, 181 S.E.2d 22. (Decided by this Court May 18, 1971). The petitioner was notified of his reinstatement by an order of the Commission dated August 18, 1970, ten days before the letter from the Alcohol Beverage Control Commissioner which was dated August 28, 1970 assigning him to the Princeton store, with the direction that he was expected to report at 8 o'clock a.m. on September 1, 1970. He never reported for work at the Princeton store and by letter of his attorney dated September 16, 1970 he indicated that he had refused to report for work at the Princeton store. It has been held that where an employee is transferred and placed in the same classification and pay and refuses to adhere to the transfer without good reason there is justification for dismissal by the employer for such action. *Kenny* v. *State Civil Service Commission*, 141 Colo. 422, 348 P.2d 367; *Childers* v. *Civil Service Commission, supra.*

For the reasons stated in this opinion, the motion to reverse is denied and the decision of the Civil Service Commission is affirmed.

> *Motion to reverse denied; decision of the Civil Service Commission is affirmed.*