341 S.E.2d 844

**SCHENERLEIN AND SLIGAR, INC., a corporation,**

v.

**HANCOCK COUNTY FEDERAL SAVINGS & LOAN ASSOCIATION OF CHESTER, a corporation.**

No. 16378.

Supreme Court of Appeals of West Virginia.

March 12, 1986.

Ray A. Byrd, Schrader, Stamp, Byrd, Byrum & Companion, Wheeling, for appellant.

Edwin Jeffrey Adams, Jordan & Manypenny, Chester, for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Hancock County, dated December 9, 1983, which granted the motion of the Hancock County Federal Savings & Loan Association of Chester, to dismiss a civil action brought by the appellant, Schenerlein and Sligar, Inc. The only issue on appeal is whether the trial court erred in concluding that res judicata barred the appellant from maintaining the lawsuit. After reviewing the record before this Court, we conclude that the circuit court erred in dismissing the complaint, and we reverse on that ground.

The controversy below arose out of a construction loan agreement, executed in May 1967, whereby Hancock County Federal Savings & Loan Association of Chester [hereinafter "the Association"] agreed to loan $350,000 to Steel Valley Bowling Lanes, Inc. [hereinafter "Steel Valley"] to finance the construction of a bowling alley. The appellant, the contractor hired by Steel Valley to construct the building's heating and air conditioning system, was also made a party to the agreement.

The construction loan agreement specified that the appellant was to be paid $84,998.00 for completion of the heating and air conditioning contract. Steel Valley was required to deposit with the Association a down payment of $91,317.00, which represented the difference between the amount of the loan and the building-contract price of $441,317.00. The agreement also provided that "the Association will disburse the funds under its control ... only in proportion to its inspector's report of progress of the construction, retaining at all times sufficient funds, which, in the opinion of its inspector, will complete the erection of the improvements." Finally, the agreement provided that all payments made by the Association were to be used "only for the payment of labor, materials and supervision necessary" for the completion of the construction.

In March 1973, the appellant brought this action in the Circuit Court of Hancock County. The complaint alleged that the appellant had not been paid the full amount of the contract price for the services it performed for Steel Valley and sought to recover from the Association the unpaid balance of $20,739.80 on the ground that the Association had breached its obligation under the construction loan agreement to keep on deposit sufficient funds to pay the costs of construction. The appellant apparently contended that the Association failed to collect the cash down payment required of Steel Valley under the terms of the agreement, thereby reducing available construction funds to the extent that they were insufficient to pay the appellant's contract price.

In its answer, the Association denied generally all material allegations in the complaint. The Association also asserted, as an affirmative defense, the doctrine of res judicata, alleging that a prior civil action filed on or about August 18, 1970, had involved the same subject matter and the same parties. The prior proceeding involved a dispute as to whether the Association had dispersed some $4,628.66 of the

available construction funds for purposes other than payment of construction costs in violation of the construction loan agreement. The case was settled, and the Association asserted that the dismissal order, entered August 22, 1972, constituted an absolute bar to the maintenance of the subsequent litigation.

On August 30, 1975, the Association filed a motion to dismiss the second lawsuit on the ground of res judicata. The motion was granted by memorandum order entered August 19, 1982. The appellant's motion for reconsideration was denied and a final dismissal order entered on December 9, 1983. It is from this order that the appellant now appeals.

█ As a general rule, the doctrine of res judicata provides that a judgment on the merits rendered by a court of competent jurisdiction in a prior proceeding bars subsequent litigation by the same parties of all matters which were adjudicated or could have been litigated in the prior proceeding. *See, e.g., Gentry v. Farruggia,* 132 W.Va. 809, 53 S.E.2d 741 (1949).

To justify the application of the doctrine of res judicata, " * * * there must be a concurrence of four conditions, namely: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." Opinion, *Marguerite Coal Co. v. Meadow River Lumber Co.,* 98 W.Va. 698, 127 S.E. 644 [1925]. Syllabus, *Hannah v. Beasley,* 132 W.Va. 814, 53 S.E.2d 729 (1949).

█ The appellant admits the existence of the last two elements in this case, but contends that res judicata does not apply here because the two civil actions were based on separate and distinct causes of action. The first proceeding, the appellant asserts, arose out of the Association's violation of its obligation under the construction loan agreement to disperse construction account funds in a particular manner, while the second proceeding resulted from the Association's violation of a separate contractual obligation to provide sufficient funds to pay construction costs. In es-

sence, the appellant argues that since the Association committed two separate and distinct breaches of its contractual obligations, there are two independent causes of action.

The Association, on the other hand, contends that the appellant's first civil action was based in part upon the allegation that the Association, by improperly disbursing construction funds, depleted the construction loan account, thereby breaching its obligation to retain on deposit sufficient funds to pay construction costs. The Association argues that since both lawsuits alleged a violation of the same provision of the construction loan agreement and were brought for the same purposes, i.e., to recover from the Association the unpaid balance of the contract price, they were, in essence, parts of the same cause of action. As a consequence, the Association contends, res judicata applies and precludes the appellant's attempt to litigate issues which should have been brought forward in the former proceeding. The circuit court apparently adopted this reasoning in granting the Association's motion to dismiss.

The test for determining whether two proceedings are based on the same cause of action was stated in *White v. SWCC,* 164 W.Va. 284, 262 S.E.2d 752, 756 (1980):

For purposes of res judicata, a "cause of action" is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief. 50 C.J.S. *Judgments* § 648; *see, McNunis v. Zukosky,* 141 W.Va. 145, 89 S.E.2d 354 (1955). The test to determine if the issue or cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues. *Gallaher v. City of Moundsville,* 34 W.Va. 730, 12 S.E. 859 (1891); *see McNunis v. Zukosky,* 141 W.Va. 145, 89 S.E.2d 354 (1955). If the two cases require substantially different evidence to sustain them, the second action cannot be said to be the same cause of action and barred by res judicata.

We are hampered somewhat in our application of the law in this case in view of the fact that the record before this Court contains none of the pleadings, orders or evi-

dence entered in the first lawsuit, nor does it indicate the evidence upon which the lower court relief in deciding to dismiss the complaint. However, in reliance upon the representations of the parties, it appears that the appellant did indeed assert two separate causes of action. In the first proceeding the appellant alleged that the Association committed an act, improper disbursement of construction funds, which violated the terms of the construction agreement. In this proceeding the appellant charges the Association with an omission, the failure to collect the cash down payment from Steel Valley, which also violates the terms of that agreement. It is irrelevant for purposes of res judicata that both complaints allege a breach of the same provision of the contract. *See Central Banking & Security Co. v. United States Fidelity & Guaranty Co.*, 73 W.Va. 197, 80 S.E. 121 (1913). The evidence required to prove the Association's breach in the two cases is substantially different and therefore gives rise to two separate causes of action under the principles set forth above. Accordingly, we conclude that the trial court committed reversible error in holding that the second lawsuit was barred by res judicata and in dismissing the complaint.

For the reasons stated herein, the judgment of the Circuit Court of Hancock County is reversed.

MILLER, C.J., deeming himself disqualified, did not participate in this decision.