ALL OF THE ABOVE IS SO OR-
DERED.

Henry R. JACOBUS, Plaintiff,

v.

Dr. David HEYDINGER, Commissioner
of the West Virginia Department of
Health, et al., Defendants.

Civ. A. No. 2:85–1316.

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 15, 1986.

Henry R. Jacobus, pro se.

David Patrick Lambert, Asst. Atty. Gen.,
Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the Defendants' motions to dismiss and for summary judgment. The Plaintiff has also moved for summary judgment by motion filed September 5, 1986. On consideration of the matters offered in support of said motions, and further in consideration of the matters offered in opposition thereto, the Court determines that the Defendants' motion for summary judgment should be granted, and that the Plaintiff's motion for summary judgment should be denied.

This case concerns the termination of the public employment of Henry Jacobus. Jacobus was employed with Vocational Rehabilitation, a state agency, in an apparently civil service exempt position. Jacobus learned of an opening for a civil service covered position at Spencer Hospital as an administrative assistant. Jacobus inquired into and was awarded the job in January, 1985, beginning his work on January 16.

The same day Jacobus started his work at the Spencer Hospital, Governor Arch A. Moore, Jr. entered Executive Order 1–85, which prohibited transfers of employees and hiring of new employees. Jacobus, nevertheless, worked two weeks at this new job. On January 31, 1985, Jacobus was called into the office of Barbara A. Martin, administrator of Spencer Hospital. Martin indicated that she had problems with the way Jacobus was approaching his job and that she wished to discuss these matters with him. At this meeting, Jacobus learned that his immediate supervisor, Dr. Joe Carrier, would be attending, at which time Jacobus said "If that man is coming in, I will not stay." [1] Martin then instructed Jacobus to leave the premises and turn in his office keys, which instructions Jacobus obeyed.

Jacobus challenged Martin's action before the West Virginia Civil Service Commission. Jacobus simultaneously undertook to negotiate with Department of Health personnel in Charleston. While Jacobus' proceeding before the West Virginia Civil Service Commission was pending, Jacobus reached a tentative settlement agreement with Department of Health Officials. Before the settlement could be consummated, on June 6, 1985, the West Virginia Civil Service Commission entered an order determining that it did not possess jurisdiction over Jacobus' case for the reason that the Civil Service Commission deemed Jacobus to be a ninety-day exempt employee. [2]

This order frustrated the settlement, and in an attempt to enforce the settlement agreement, Jacobus filed a complaint June 19, 1985, with the West Virginia Court of Claims. The Court of Claims heard Jacobus' case on June 25, 1985, to determine the circumstances of Jacobus' claim. Determining that it required more information, the Court of Claims ended the hearing without reaching a decision and determined to reconvene at August 2, 1985. In the interim between the June 25 hearing and the August 2 hearing, Jacobus apparently became impatient and amended his claim to include a claim for reinstatement for sums of money representing a longer period of back pay than that sought under the original settlement agreement. Upon reviewing this, the Court of Claims at its hearing August 2, determined that it did not have jurisdiction to consider back pay and reinstatement of state employees and to deny Jacobus' claim without prejudice for lack of subject matter jurisdiction.

Jacobus then petitioned for a writ of mandamus, invoking the original jurisdiction of the West Virginia Supreme Court of Appeals, on August 5, 1985. This petition was denied September 17, 1985. On October 15, 1985, Jacobus filed this action against Dr. David Heydinger, Commissioner of the West Virginia Department of Health, Barbara A. Martin, Administrator of the Spencer Hospital; and Arch A.

---

**1.** Affidavit of Barbara A. Martin filed May 7, 1986.

**2.** A ninety-day exempt employee is one not entitled to civil service coverage. *See W.Va. Code,* § 29–6–4(14).

Moore, Jr., Governor of the State of West Virginia. The Defendants raise, *inter alia*, three defenses: First, the Defendants contend that Jacobus' action before this Court is barred by the doctrine of *res judicata*. Second, the Defendants contend that Jacobus had no property interest in continued employment with the state and thus had no due process right upon termination of his employment. And third, the Defendants contend that Jacobus had available to him all due process which was required.

*Res judicata* requires an identity of the thing sued for, an identity of the cause of action, an identity of the persons or parties to the action, and an identity of the capacity by which the persons proceed or are proceeded against. *Schenerlein Sligar, Inc. v. Hancock County Federal Savings & Loan Association of Chester,* 341 S.E.2d 844, 846–47 (W.Va.1986). Generally a judgment rendered on the merits by a court of competent jurisdiction in a proceeding precludes subsequent litigation between the same parties of all matters adjudicated in the first proceeding and those which could have been decided there. *White v. SWCC,* 164 W.Va. 284, 262 S.E.2d 752, 756 (1980).

■ Jacobus has presented this case to three tribunals en route to this Court. His proceeding before the West Virginia Civil Service Commission concerned his employment rights; however, the Defendants do not argue that the West Virginia Civil Service Commission had jurisdiction to consider Jacobus' civil rights complaints, as it is not a court of general jurisdiction. *W.Va. Code,* §§ 29–6–8, 10 and 15. Further, the West Virginia Civil Service Commission dismissed Jacobus' claim without prejudice as it deemed itself without jurisdiction. The Court of Claims also determined that it was without subject matter jurisdiction to determine the claims presented to it by Jacobus' amended application and dismissed the same without prejudice. The application for writ of mandamus before the West

Virginia Supreme Court of Appeals was denied without reference to whether it was prejudicial or not. Pursuant to *Rule* 14(b), Rules of Appellate Procedure for the West Virginia Supreme Court of Appeals, and *State v. Coleman,* 281 S.E.2d 489 (W.Va. 1981), where the Supreme Court denies a petition for an extraordinary writ, such as a writ of mandamus, without indication as to prejudice or nonprejudice, the presumption is that it was denied without prejudice. Accordingly, each of these tribunals did not purport to finally adjudicate Jacobus' claims. The defense of *res judicata* must fail.

■ Jacobus claims he has been denied property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and proceeds against the within Defendants under 42 U.S.C. § 1983.[3] In order to establish a claim for relief, Jacobus would need to demonstrate: (1) that he possessed a property interest recognized by the state law, in his public employment; (2) that the Defendants intentionally deprived him of that property; and (3) that this deprivation occurred without due process of law. *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1000, 104 S.Ct. 2862, 2872, 81 L.Ed.2d 815 (1984); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Sabet v. Eastern Virginia Medical Authority,* 775 F.2d 1266, 1269 (4th Cir.1985); *Beckham v. Harris,* 756 F.2d 1032, 1036 (4th Cir.1985); *Royster v. Board of Trustees of Anderson County,* 774 F.2d 618, 620 (4th Cir.1985). Generally, if there is no indication of the duration of employment, then there is no legitimate expectation of continued employment—it is merely an employment at will. On the other hand, if state law provides that employment will be terminated only upon a showing of just cause, then there is a protectable property interest in continuing employment. *Morris v. City of Danville, Virginia,* 744 F.2d 1041, 1047 (4th Cir.1984). In West Virginia

---

**3.** The Court determines that as this action purports only to challenge the discharge, and further because it is clear from the submissions of the parties that no public airing of the grounds

of discharge occurred, no liberty interest is here implicated. *Board of Curators, University of Missouri v. Horowitz,* 435 U.S. 78, 82–83, 98 S.Ct. 948, 951, 55 L.Ed.2d 124 (1978).

an employee in classified service is dismissable "based on merit principles and scientific methods."[4] State law prohibits the Governor or the appointing authority from removing employees from classified service without resort to judicial determination. *State ex rel Karnes v. Dadisman*, 153 W.Va. 771, 172 S.E.2d 561, 567–68 (1970). The right, however, is not contractual, and the employee's position can be abolished or removed from civil service coverage by the Legislature. *Baker v. Civil Service Commission*, 161 W.Va. 666, 245 S.E.2d 908, 912 (1978).

The federal courts have not comprehensively established the constitutionally minimal process required to terminate public employment where a property interest is found. *Davis v. Scherer*, 468 U.S. 183, 192 n. 10, 104 S.Ct. 3012, 3019 n. 10, 82 L.Ed.2d 139 (1984). The process boundaries which have been established in Fourth Circuit cases indicate a flexible approach with significantly less procedural protections than a full-blown trial. *Boston v. Webb*, 783 F.2d 1163, 1167 (4th Cir.1986) (no right to cross examination of accuser of conduct giving rise to just cause for dismissal of public employment); *Detweiler v. Commonwealth of Virginia*, 705 F.2d 557, 560 (4th Cir.1983) (compulsory process for attendance of witness is not required); *Kersey v. Shipley*, 673 F.2d 730, 732 (4th Cir.1982) (no right to pretermination hearing); *Heath v. City of Fairfax*, 542 F.2d 1236, 1238 (4th Cir.1976) (no right of pretermination hearing).

■ The process actually provided to civil service employees in West Virginia is noted in *W.Va. Code*, § 29–6–15, and the State Administrative Procedures Act, *W.Va. Code*, §§ 29A–5–1, *et seq.* Appeal may be had from decisions of the appointing authority before the West Virginia Civil Service Commission, and further, appeal may be had to state circuit courts. *W.Va. Code*, § 29–6–15; *W.Va. Code*, § 29A–5–4; *Zigmond v. Civil Service Commission*, 155 W.Va. 641, 186 S.E.2d 696 (1972). Appeal from the circuit court may be had to the West Virginia Supreme Court of Appeals. *W.Va. Code*, § 29A–6–1. While the West Virginia courts give weight to the fact findings of the Civil Service Commission, these findings are subject to question on appeal. *W.Va. Code*, § 29A–5–4(g); *Billings v. Civil Service Commission*, 154 W.Va. 688, 178 S.E.2d 801, 804 (1971). Importantly here, the abrogation of the Plaintiff's property rights by the state where there is adequate remedy to contest the taking results in no constitutional deprivation. *Coastland Corporation v. County of Currituck*, 734 F.2d 175, 178 (4th Cir. 1984).

■ Where the Government holds open a procedure for remedying a perceived wrong, the civil rights complainant is obligated to avail himself of those remedies. *Kalme v. West Virginia Board of Regents*, 539 F.2d 1346, 1348 (4th Cir.1976). Due process rights are waived when one chooses not to exercise those procedures offered. *Fuller v. Laurens County School District No. 56*, 563 F.2d 137, 140 (4th Cir.1977). As to a person's substantive property rights, the state law similarly recognizes abandonment of employment rights as a bar to subsequent reinstatement by the Civil Service Commission. *Billings v. Civil Service Commission*, 154 W.Va. 688, 178 S.E.2d 801, 803 (1971).

In the instant action, Jacobus had received a personnel action form, Form WV–

---

**4.** *W.Va. Code*, § 29–6–1 provides as follows: "The general purpose of this article is to attract to the service of the state personnel of the highest ability and integrity by establishment of personnel administration based upon merit principles and scientific methods governing the appointment, promotion, transfer, layoff, removal, discipline, classification, classification and welfare of its civil employees, and other incidents of state employment. All appointments and promotions to positions in the classified service shall be made solely on the basis of merit and fitness, except as hereinafter specified. All employment positions not in the classified service, with the exception of the Board of Regents, are included in a classified plan known as classified-exempt service." *See also W.Va. Code*, § 29–6–15.

11,[5] which purports to transfer Jacobus' employment at "Voc. Rehab." to Spencer Hospital. His status is indicated there as "full time permanent" and not "exempt ninety-day." The form suggests to the Court, although no party has attempted to explain it, that Jacobus was transferred as an exempt administrative assistant at Vocational Rehabilitation to a civil service covered administrative assistant at Spencer Hospital. Jacobus also was issued a medical insurance card as an employee at Spencer Hospital which apparently would not be a benefit accorded to a ninety-day exempt employee. It appears from these facts that it is possible that Jacobus was hired on as a permanent, full time employee with full Civil Service coverage and, therefore, would be dismissable only upon just cause. Under the law, then, Jacobus would possess a property interest, which could be taken from him only by due process of law. Considering these facts most favorably to the Plaintiff, as the Court must do with respect to the Defendants' motion for summary judgment, the Court determines for the purposes of this motion that Jacobus had a protectible property interest in his public employment.

The critical issue, then, is whether Jacobus was denied due process of law. Jacobus proceeded before the West Virginia Civil Service Commission which concluded that he was a ninety-day exempt employee, and on that basis denied jurisdiction over Jacobus' case. This factual finding could have been appealed and challenged for error before the Kanawha County Circuit Court. The Defendants have established by affidavit that Jacobus has not done so, and Jacobus takes no issue with this assertion of fact. Instead, Jacobus went to the Court of Claims, and then to the West Virginia Supreme Court of Appeals, and left by the wayside his option of proceeding on appeal before the Circuit Court of Kanawha County. The question of whether Jacobus' due process rights were observed is measured in this case by what was available to Jacobus, not by what Jacobus actu-

ally availed himself of. A civil rights plaintiff seeking redress for deprivation of property without due process ignores available state procedures at his own peril.

 The Court holds, then, that Jacobus may have had a property right in his employment, but that the procedure offered him through the West Virginia Civil Service law and the state Administrative Procedures Act sufficiently protected that interest. The Court concludes, therefore, that Jacobus was not denied due process of law.

The Defendants' motion for summary judgment is granted, and the Plaintiff's motion for summary judgment is denied.

---

5. *See* Exhibit C to Defendants' motion for summary judgment filed May 6, 1986.